IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT HAVENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 08-203-GPM |
| | ) | |
| THE HON COMPANY and HNI CORPORATION, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court has conducted a preliminary review of the allegations of federal subject matter jurisdiction asserted in the amended complaint (*see* Doc. 14).[1] *See Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Board of Educ. of Decatur Sch. Dist. No. 61 v. Rainbow/Push Coalition*, 75 F. Supp. 2d 916, 918 (C.D. Ill. 1999) (citing *Wisconsin Knife Works*, 781 F.2d at 1282) (reviewing a notice of removal sua sponte and holding that the court lacked federal subject matter jurisdiction); *Waymar Med., Inc. v. American Med. Elecs., Inc.*, 786 F. Supp. 754, 755 (E.D. Wis. 1992) (same). *See also Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) (noting that a federal court "has an independent duty to satisfy itself that it has subject-matter jurisdiction").

Federal diversity jurisdiction requires that the parties to a case be of diverse state citizenship,

---

[1] Although an amended complaint, it is only titled "complaint" as if it were the original.

that is, no plaintiff may be a citizen of the same state as any defendant, and that an amount in excess of $75,000, exclusive of interest and costs, be in controversy. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a); *Cassens v. Cassens*, 430 F. Supp. 2d 830, 832-33 (S.D. Ill. 2006); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000). After reviewing the amended complaint, the Court finds that Plaintiff, who has the burden of establishing federal jurisdiction, *see Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Cassens*, 430 F. Supp. 2d at 833, has failed properly to allege federal subject matter jurisdiction.

First, the complaint alleges only that Plaintiff Robert Havens is a *resident* of Illinois. Doc. 14 ¶ 4. Such allegation is insufficient to establish diversity jurisdiction, which is determined by citizenship of a state, not allegations of residency in a state. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996)) ("It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'"); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (in a diversity action, "when the parties allege residence but not citizenship, the only proper step is to dismiss the litigation for want of jurisdiction.").

The citizenship of a natural person for diversity purposes is determined of course by the person's domicile, *see Gilbert v. David*, 235 U.S. 561, 569 (1915); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n.4 (7th Cir. 1994); *Williams v. Versto, Inc.*, No. 96 C 6427, 1996 WL 745338, at *1 (N.D. Ill. Dec. 27, 1996); *Seaboard Fin. Co. v. Davis*, 276 F. Supp. 507, 509 (N.D. Ill. 1967), which means the state where the person is physically present with an intent to remain there indefinitely. *See Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *Cassens*, 430 F. Supp. 2d at 833; *O'Neal v. Atwal*, 425 F. Supp. 2d 944, 946 (W.D. Wis. 2006); *Broadwater v. Heidtman Steel Prods., Inc.*, 300 F. Supp. 2d 671, 672 (S.D. Ill. 2003). Therefore, assuming that

Illinois is the state where Plaintiff is domiciled, the complaint in this case must be amended to allege that Robert Havens is a citizen, not a resident, of Illinois.

Moreover, the Court notes that the amended complaint says *nothing* about the citizenship of Defendant HNI Corporation. And, finally, the amended complaint prays for "a sum in excess of $50,000.00 together with interests and costs in this action." This is insufficient to meet the jurisdictional threshold for federal subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1653 the Court will grant Plaintiff leave to amend the defective allegations of citizenship. "[W]hile a court must dismiss a case over which it has no jurisdiction when a fatal defect appears, leave to amend defective allegations of subject matter jurisdiction should be freely given." *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 595 (7th Cir. 1992). *See also Guaranty Nat'l Title Co.*, 101 F.3d at 59 (noting that dismissal of a case due to defective allegations of federal subject matter jurisdiction is appropriate only when "after multiple opportunities [the parties asserting federal jurisdiction] do not demonstrate that jurisdiction is present[.]").

Therefore, it is hereby **ORDERED** that Plaintiff **SHALL** file a second amended complaint (and designate it as such) on or before **April 7, 2008**. Failure to properly establish federal subject matter jurisdiction as set forth in this order will result in dismissal of this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: 3/27/08

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge